UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                          Chapter 11

    212 WEST 18 LLC,                      Case No. 17-11277 (MG)

                    Debtor.

------------------------------------------------------------x

**ORDER GRANTING MOTION OF ASHLEY KOZEL FOR ORDER MODIFYING AUTOMATIC STAY OF 11 U.S.C. §362 FOR CAUSE, INCLUDING BAD FAITH, TO CONTINUE SHERIFF'S AUCTION**

Upon the *Motion of Ashley Kozel for Order Modifying Automatic Stay of 11 U.S.C. §362 for Cause, Including Bad Faith, to Continue Sheriff's Auction* (ECF Doc No. 5) (the "Stay Relief Motion")[1] filed by Ashely Kozel (the "Movant"), a creditor of 212 West 18 LLC (the "Debtor"), the above-captioned chapter 11 debtor; and upon the Declaration of Jeffrey D. Fisher, dated May 15, 2017 (ECF Doc. No. 6) filed in support of the Stay Relief Motion; and upon the *Affidavit of Service* (ECF Doc. No. 14) filed in connection with the Stay Relief Motion; and upon the *Limited Objection of Walker Tower Condominium to Motion Order Modifying Automatic Stay to Continue Sheriff's Auction* (ECF Doc. No. 23), and upon the *Affidavit of Service* (ECF Doc. No. 24) filed in connection with that objection; and upon the *Response and Objection of the Debtor to Motion of Ashley Kozel for Order Modifying Automatic Stay* (ECF Doc. No. 25), and the Declaration of Mark Manski, dated May 25, 2017 (ECF Doc. No. 25-1), filed in support of the Debtor's objection; and upon the *Affidavit of Service* (ECF Doc. No. 26) filed in connection with the Debtor's objection; and upon the *Omnibus Reply in Further Support of Motion of Ashley Kozel for Order Modifying Automatic Stay of 11 U.S.C. §362 for Cause, Including Bad Faith, to Continue Sheriff's Auction,*

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Stay Relief Motion.

*and in Response to Objections filed by Walker Tower Condominium and Debtor* (ECF Doc. No. 28); and upon the *Affidavit of Service* (ECF Doc. No. 28) filed in connection therewith; and upon the *Declaration of Mark Manski Pursuant to Local Bankruptcy Rule 1007-2* (ECF Doc. No. 29); and upon this Court's *Order Scheduling Evidentiary Hearing and Applicable Deadlines in Connection with Motion of Ashley Kozel for Order Modifying Automatic Stay of 11 U.S.C. §362 for Cause, Including Bad Faith, to Continue Sheriff's Auction*, dated June 7, 2017, (the "June 7 Order"); and upon the letter dated June 13, 2017 from proposed special counsel to the Debtor (ECF Doc. No. 34), and the responsive letter dated June 13, 2017 from co-counsel to Movant (ECF Doc. No. 35); and upon the hearings held before this Court on June 1, 2017 and June 14, 2017 (the "June 14 Hearing"), the transcripts of which are incorporated herein by reference, the Court makes the following findings of fact which support the Court's ruling that Movant has established sufficient cause under Bankruptcy Code §362(d) to warrant modification of the automatic stay:

A. On September 11, 2015, the Movant obtained an approximately $34 million judgment against Todd Kozel in the Florida Court proceeding. *Kozel v. Kozel*, No. 2010DR8976NC, 2015 WL 5446389 (Fla. Cir. Ct. Sept. 11, 2015). The Florida Court also entered the 2015 Asset Injunction which applied to the Condominium held in the name of the Debtor.

B. On September 14, 2016, the Movant obtained an order from the Florida Court finding that the Debtor was the alter ego of Todd Kozel and that it had perpetrated a "fraud on the court" with respect to, *inter alia*, a "purported sale" of the membership interests of the Debtor in violation of the 2015 Asset Injunction. *Kozel v. Kozel*, No. 2010DR8976NC, 2016 WL 5082184 (Fla. Cir. Ct. Sept. 14, 2015). The next day, the Florida Court entered the 212 West Judgment, which was a final judgment against the Debtor as a sanction. *Kozel v. Kozel*, No. 2010DR8976NC,

2016 WL 5082181 (Fla. Cir. Ct. Sept. 15, 2016). The Debtor sought stay relief with respect to the 212 West Judgment in Florida and in New York and the relief was denied by both courts.

C. On May 10, 2017, the Sheriff's Auction was scheduled to occur with respect to the Condominium. On the eve of the Sheriff's Auction, the Debtor filed this chapter 11 case and obtained an automatic stay of the Auction.

D. On May 15, 2017, the Movant filed the Stay Relief Motion arguing that the Debtor, as the adjudicated alter-ego of Todd Kozel, filed this chapter 11 case in bad faith as part of a scheme "to continue the Debtor's long-standing pattern of frustrating, hindering, and unduly delaying" the Movant's efforts to collect her judgments without posting a bond. In support of this position, the Movant cited to the factual findings of the Florida Court regarding the "fraud on the court" committed by the Debtor and the alter-egos of the Debtor. *Kozel v. Kozel*, No. 2010DR8976NC, 2016 WL 5082183, at *2 (Fla. Cir. Ct. Sept. 14, 2016).

E. On May 25, 2017, the Debtor filed an objection (ECF Doc. No. 25) to the Stay Relief Motion, claiming, *inter alia,* that the Florida Court "may have erroneously exercised 'enforcement jurisdiction'" and that "the damages award was based upon a purported misreading of the divorce settlement agreement and upon a damages calculation that may have run afoul of settled Florida law."

F. On June 1, 2017, this Court held a hearing on the Stay Relief Motion and expressed its concern that the Debtor was relying on documents that "were fraudulently created, were backdated, [and] were done specifically for the purpose of defrauding the court and for the benefit of Mr. Kozel" (June 1, 2017 hr'g tr. at 25). Accordingly, this Court ordered the person that executed the resolutions authorizing the Chapter 11 case on behalf of the Debtor, Saad M.A.S. AlHumaidi, to appear in person in New York for a deposition and an evidentiary hearing regarding

the "authenticity, legitimacy, and validity of every original document" necessary to demonstrate his purported authority to act on behalf of the Debtor. Further, the Debtor's counsel was directed to advise this Court, Movant's counsel, and the Office of the U.S. Trustee on or before June 15, 2017 if Mr. AlHumaidi would actually appear as ordered. The Court's ruling was memorialized in the June 7 Order.

G. During the June 14 Telephonic Hearing, the Debtor's proposed special counsel stated, unequivocally, that Mr. AlHumaidi would not comply with the June 7 Order requiring that he make an in-person appearance. Based upon his refusal to comply with a clear and unambiguous order of this Court, and based upon the Movant's showing in connection with Movant's application to modify the automatic stay, this Court finds, as both a sanction and as a matter of fact, that this chapter 11 case was filed in bad faith and is subject to dismissal. Further, this Court finds, as a sanction and as a matter of fact, that the elements for *in rem* relief pursuant to section 362(d)(4) have been established, *i.e.*, the Debtor's bankruptcy filing was part of a scheme, the object of the scheme was to delay, hinder, or defraud creditors, and that the scheme involved the transfer of some interest in the real property without the secured creditor's consent or court approval.

H. Finally, this Court finds that it is bound by the principles of collateral estoppel with respect to the findings of the Florida Court in the Florida Court's September 14, 2016 and September 15, 2016 decisions. *Kozel v. Kozel*, No. 2010DR8976NC, 2016 WL 5082181 (Fla. Cir. Ct. Sept. 15, 2016); *Kozel v. Kozel*, No. 2010DR8976NC, 2016 WL 5082184 (Fla. Cir. Ct. Sept. 14, 2015). Thus, any purported transfers of the Debtor's membership interests, directly or indirectly, were made with the transferor's and transferee's knowledge of the 2015 Asset Injunction.

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. Under Bankruptcy Code §362(d), cause exists to modify the automatic stay to permit Movant to continue the Sheriff's Auction of the Condominium in all respects, and to take any further action which might be necessary to complete the Sherriff's Auction. This Order shall be sufficient to authorize the Office of the Sheriff, City of New York, and its agents and employees, to take the steps necessary to continue and complete the Sherriff's Auction.

2. The Debtor's objection (ECF Doc. No. 25) to the Stay Relief Motion is overruled.

3. Pursuant to Bankruptcy Rule 4001(a)(3), this Order shall be effectively immediately.

4. Pursuant to Bankruptcy Code § 362(d)(4), this Order may be recorded as to the property with the legal description set forth in Exhibit "1" annexed hereto in compliance with applicable state laws governing notices of interests or liens in real property and shall be binding in any other case under this title purporting to affect such real property filed not later than two (2) years after the date of the entry of this Order, except that a debtor in a subsequent case under this title may move for relief based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state, or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this order for indexing and recording.

**IT IS SO ORDERED.**

Dated: New York, New York
June 14, 2017

                     **/s/ Martin Glenn**
                      Martin Glenn
                 United States Bankruptcy Judge