UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 11

    212 WEST 18 LLC,                                       Case No. 17-11277 (MG)

              Debtor.
-------------------------------------------------------------x

## ORDER DISMISSING CHAPTER 11 CASE

Upon the *Motion of Ashley Kozel for Order Modifying Automatic Stay of 11 U.S.C. §362 for Cause, Including Bad Faith, to Continue Sheriff's Auction* (ECF Doc No. 5) (the "Stay Relief Motion")[1] filed by Ashely Kozel (the "Movant"), a creditor of 212 West 18 LLC (the "Debtor"), the above-captioned chapter 11 debtor; and upon the Declaration of Jeffrey D. Fisher, dated May 15, 2017 (ECF Doc. No. 6) filed in support of the Stay Relief Motion; and upon the *Affidavit of Service* (ECF Doc. No. 14) filed in connection with the Stay Relief Motion; and upon the *Limited Objection of Walker Tower Condominium to Motion Order Modifying Automatic Stay to Continue Sheriff's Auction* (ECF Doc. No. 23); and upon the *Affidavit of Service* (ECF Doc. No. 24) filed in connection with that objection; and upon the *Response and Objection of the Debtor to Motion of Ashley Kozel for Order Modifying Automatic Stay* (ECF Doc. No. 25), and the Declaration of Mark Manski, dated May 25, 2017 (ECF Doc. No. 25-1), filed in support of the Debtor's objection; and upon the *Affidavit of Service* (ECF Doc. No. 26) filed in connection with the Debtor's objection; and upon the *Omnibus Reply in Further Support of Motion of Ashley Kozel for Order Modifying Automatic Stay of 11 U.S.C. §362 for Cause, Including Bad Faith, to Continue Sheriff's Auction, and in Response to Objections filed by Walker Tower Condominium and Debtor* (ECF Doc. No. 28); and upon the *Affidavit of Service* (ECF Doc. No. 28) filed in connection therewith; and upon

---

[1] All capitalized terms used herein shall have the meanings given to them in the Stay Relief Motion.

the *Declaration of Mark Manski Pursuant to Local Bankruptcy Rule 1007-2* (ECF Doc. No. 29); and upon the hearing held before this Court on June 1, 2017, the transcript of which is incorporated herein by reference; and upon the *Order Scheduling Evidentiary Hearing and Applicable Deadlines in Connection with Motion of Ashley Kozel for Order Modifying Automatic Stay of 11 U.S.C. §362 for Cause, Including Bad Faith, to Continue Sheriff's Auction*, dated June 7, 2017 (ECF Doc. No. 33) (the "June 7 Order"); and upon the letter dated June 13, 2017 submitted by proposed special counsel to the Debtor (ECF Doc. No. 34) (the "Debtor's Status Letter"); and upon the responsive letter dated June 13, 2017 submitted by co-counsel to the Movant (ECF Doc. No. 35); and upon the telephonic hearing in the Debtor's case held before this Court on June 14, 2017 at 9:00 a.m. (the "June 14 Telephonic Hearing"), the transcript of which is incorporated herein by reference.

This Court makes the following findings of fact:

A. On September 11, 2015, the Movant obtained an approximately $34 million judgment against Todd Kozel in the Florida Court proceeding. *Kozel v. Kozel*, No. 2010DR8976NC, 2015 WL 5446389 (Fla. Cir. Ct. Sept. 11, 2015). The Florida Court also entered the 2015 Asset Injunction which applied to the Condominium held in the name of the Debtor.

B. On September 14, 2016, the Movant obtained an order from the Florida Court finding that the Debtor was the alter-ego of Todd Kozel and that it had perpetrated a "fraud on the court" with respect to, *inter alia*, a "purported sale" of the membership interests of the Debtor in violation of the 2015 Asset Injunction. *Kozel v. Kozel*, No. 2010DR8976NC, 2016 WL 5082184 (Fla. Cir. Ct. Sept. 14, 2015). The next day, the Florida Court entered the 212 West Judgment, which is a final judgment against the Debtor as a sanction. *Kozel v. Kozel*, No. 2010DR8976NC,

2

2016 WL 5082181 (Fla. Cir. Ct. Sept. 15, 2016). The Debtor sought stays with respect to the 212 West Judgment in Florida and in New York and the relief was denied by both courts.

C. On May 10, 2017, the Sheriff's Auction was scheduled to occur with respect to the Condominium. On the eve of the Sheriff's Auction, the Debtor filed this chapter 11 case and obtained an automatic stay of the Auction.

D. On May 15, 2017, the Movant filed the Stay Relief Motion arguing that the Debtor, as the adjudicated alter of Todd Kozel, filed this chapter 11 case in bad faith as part of a scheme "to continue the Debtor's long-standing pattern of frustrating, hindering, and unduly delaying" the Movant's efforts to collect upon the 212 West Judgment without posting a bond. In support of this position, the Movant cited to the factual findings of the Florida Court regarding the "fraud on the court" committed by the Debtor and the alter-egos of the Debtor. *Kozel v. Kozel*, No. 2010DR8976NC, 2016 WL 5082183, at *2 (Fla. Cir. Ct. Sept. 14, 2016).

E. On May 25, 2017, the Debtor filed an objection (ECF Doc. No. 25) to the Stay Relief Motion, claiming, *inter alia,* that the Florida Court "may have erroneously exercised 'enforcement jurisdiction'" and that "the damages award was based upon a purported misreading of the divorce settlement agreement and upon a damages calculation that may have run afoul of settled Florida law."

F. On June 1, 2017, this Court held a hearing on the Stay Relief Motion and expressed concern that the Debtor was relying on documents that "were fraudulently created, were backdated, [and] were done specifically for the purpose of defrauding the court and for the benefit of Mr. Kozel" (June 1, 2017 hr'g tr. at 25). Accordingly, this Court ordered the person that executed the resolutions authorizing the Chapter 11 case on behalf of the Debtor, Saad M.A.S. AlHumaidi, to appear in person in New York for a deposition and an evidentiary hearing regarding the

"authenticity, legitimacy, and validity of every original document" necessary to demonstrate his purported authority to act on behalf of the Debtor. Further, the Debtor's counsel was directed to advise this Court, Movant's counsel, and the Office of the U.S. Trustee on or before June 15, 2017 if Mr. AlHumaidi would actually appear as ordered. The Court's ruling was memorialized in the June 7 Order.

G. During the June 14 Telephonic Hearing the Debtor's proposed special counsel stated, unequivocally, that Mr. AlHumaidi would not comply with the June 7 Order that he make an in-person appearance. Based upon his refusal to comply with a clear and unambiguous order of the Court, this Court finds, as both a sanction and as a matter of fact, that this chapter 11 case is subject to dismissal.

H. Further, in the separate order on the Movant's Stay Relief Motion, this Court granted the Stay Relief Motion, overruled the Debtor's Objection (ECF Doc. No. 25) to the Stay Relief Motion, and exercised *in rem* jurisdiction over the Condominium pursuant to the Court's finding that the elements of section 362(d)(4) had been established, *i.e.*, the Debtor's bankruptcy filing was part of a scheme, the object of the scheme was to delay, hinder, or defraud creditors, and that the scheme involved the transfer of some interest in the real property without the secured creditor's consent or court approval.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Debtor's chapter 11 case is dismissed.

2. The Debtor shall pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930, and any applicable interest thereon pursuant to 31 U.S.C. § 3717, within ten (10) days of the entry of this Order, and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

**IT IS SO ORDERED.**

Dated: New York, New York
    June 14, 2017

                                                  **/s/ Martin Glenn**
                                                      Martin Glenn
                                       United States Bankruptcy Judge